IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TAMIKA N. COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | ) | 8:15CV419<br><br>MEMORANDUM OPINION |

This matter is before the Court for review of a final decision of the Acting Commissioner of Social Security ("Commissioner"), wherein the Commissioner denied plaintiff's request for disability insurance benefits. After careful review of the briefs, the record before the Court, and the applicable law, the Court finds that the Commissioner's decision should be affirmed.

**BACKGROUND**

On January 4, 2014, Tamika Coleman ("plaintiff" or "Coleman") filed an application for disability insurance benefits Filing No. 8-2 at 15). In addition, on September 18, 2014, plaintiff filed an application for supplemental security income (*Id.*). On March 19, 2014, plaintiff's claims were denied (*Id.*). Plaintiff asserts disability resulting from a psychogenic seizure

disorder, rheumatoid arthritis, anxiety, and depression (Filing No. 1 at 1). Upon reconsideration on July 15, 2014, plaintiff's claims were again denied (*Id.*). On February 24, 2015, plaintiff appeared before Administrative Law Judge ("ALJ") Carol A. Eckerson for review of the denial of plaintiff's application (*Id.*). On March 11, 2015, ALJ Eckerson found that plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act (*Id.* at 28). Plaintiff's request to the Appeals Council was subsequently denied (*Id.* at 2).

On November 16, 2015, plaintiff filed a complaint with this Court seeking relief from the final decision of the Acting Commissioner of Social Security (Filing No. 1 at 3). Plaintiff asks the Court to reverse the Acting Commissioner's decision and remand the case for calculation of damages, or in the alternative, remand the case for a new hearing (Filing No. 12 at 25).

**Standard of Review**

The Commissioner's decision will be affirmed "if the record contains substantial evidence to support it." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a

decision." *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). "In determining whether existing evidence is substantial, [a court should] consider evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001). If the record reveals substantial evidence supporting the Commissioner's decision, then that decision should not be reversed merely because "substantial evidence exists in the record that would have supported a different outcome." *Hutsell*, 259 F.3d at 711. In other words, "[the Court] may not reverse simply because [the Court] would have decided differently or because substantial evidence supports a contrary outcome." *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). Finally, the claimant "bears the burden of proving disability." *Teague v. Astrue*, 638 F.3d 611, 615 (8th Cir. 2011).

**Conclusion**

The Court has reviewed the medical records, the briefs of the parties, and the findings of the ALJ. The Court has likewise reviewed all of plaintiff's arguments that the ALJ erred in her analysis and ultimate conclusion. The Court finds that the ALJ's analysis and conclusion are supported by good reasons

and substantial evidence. Accordingly, because the decision is supported by good reasons and substantial evidence, this Court will affirm the decision. A separate order will be issued in accordance with this memorandum opinion.

DATED this 29th day of November, 2016.

BY THE COURT:

/s/ Lyle E. Strom

______________________________
LYLE E. STROM, Senior Judge
United States District Court